[No. 20957.   Department Two.   April 24, 1928.]

COLONIAL GARAGE, INCORPORATED, *Appellant*, v. DAVID A. BOYD, *Respondent*.[1]

[1] LANDLORD AND TENANT (24)—ASSIGNMENTS—COVENANTS—AGREE-MENT TO PROCURE CONSENT—WHAT CONSTITUTES BREACH.  In an action by the assignee of a lease of a garage, for damage through the breach of the assignor's agreement to procure the owner's consent to the assignment of the lease, no damages is shown and the case is properly taken from the jury, where the landlord accepted rentals from the assignee and would not disturb his possession as long as he paid the rentals.

Appeal from a judgment of the superior court for King county, Kinne, J., entered May 27, 1927, in favor of the defendant, dismissing an action on contract notwithstanding a verdict in favor of the plaintiff. Affirmed.

*Stratton & Kane* (*Herbert S. Little*, of counsel), for appellant.

*Ernest B. Herald*, for respondent.

FULLERTON, C. J.—In this action, the appellant, Colonial Garage, Inc., sought to recover from the respondent, Boyd, damages in the sum of $5,000, claimed to have been suffered by it by reason of a breach of

[1]Reported in 266 Pac. 696.

an agreement on the part of the respondent. There was a trial by jury, in which the jury returned a verdict in favor of the appellant for $2,000. On motion of the respondent, the trial court set aside the verdict and entered a judgment dismissing the action, with prejudice.

In substance, the facts are these: In May, 1924, one Porter was operating a garage on property situated in the city of Seattle, which he held under lease from one Madden, its owner. John A. Boyd and James E. Boyd, sons of the respondent Boyd, desired to purchase the garage business from Porter and take over its operation themselves. They agreed with Porter as to the purchase price of the property, which was to include Porter's leasehold interest, but when it came to a transfer, the owner of the property, while not objecting to the occupancy of the place by the intending purchasers, refused to accept them as tenants and release Porter from his obligations under the lease. The respondent Boyd was then brought into the transaction, and a new lease was executed to him as tenant of the property. The lease was for a term of five and one-half years, at a monthly rental of $350 per month for the first six months and $400 per month for the remainder of the term, the rentals to be paid monthly. The lease contained a condition that it was not to be assigned without the consent of the lessor. It was, however, understood by both the lessor and lessee that the lessee was not personally to occupy the property, but that it was to be occupied by the sons of lessee in the operation of a garage.

On September 1, 1924, one Hart purchased a one-half interest in the business, paying therefor $3,500. Shortly thereafter Hart and the sons formed the appellant corporation, with a capital stock of $10,000, and transferred their interest in the business to the

corporation, and divided its capital stock, one-half to Hart and one-half to the sons. The garage business was continued thereafter in the name of the corporation until August, 1926, when it notified both the lessor and the respondent that it would quit and surrender the premises on the first of the following month. At that time, the respondent purchased the interests of the appellant in the business and himself took over its operation.

The agreement alleged to be breached was one claimed to have been entered into at the time Hart purchased his interest in the property. It is charged that the respondent, at that time, orally promised and agreed, as an inducement to the purchase, that he would procure the lessor's consent thereto and assign his lease to the sons and Hart, or to the appellant, should they so direct. It is further charged that they did direct the transfer to be made to the appellant, and that the respondent failed and refused so to do, resulting in a loss to the appellant in the sum it demanded as damages. The respondent denied making the agreement, but, as we have before noted, the jury found in favor of the appellant and assessed its damages at $2,000. The trial court set aside the verdict and entered a judgment of dismissal on two grounds: First, that the appellant was without capacity to sue, because it did not show that it paid the license fee to the state last due; and, second, that no proof of damages was shown.

The first of these reasons is not, in our opinion, sustained by the record. While the evidence on the question was not as direct and certain as it could have been made, it was sufficient to make a *prima facie* case, and there was no showing to the contrary.

[1] The second of the reasons is, we think, supported by the record. The appellant was not disturbed

in its possession of the premises either by the lessor or by the respondent, and it was given in evidence, without contradiction, that it would not have been so disturbed as long as it paid the rentals as they matured. The failure to comply with the agreement, in so far as it affected the appellant's personal use of the premises, caused it no damage.

But it is contended, and there was some evidence to support the contention, that the premises, for uses other than the operation of a garage, was worth more than the rentals, and that, had the appellant had an unconditional lease of the premises, it could have disposed of the lease at a profit to itself. But it was not alleged in the complaint, nor was it proved at the trial, that the respondent undertook to procure for the appellant an unconditional lease. The agreement alleged and the agreement the testimony tended to prove was, that the respondent undertook to procure consent for and to assign the lease he had of the premises. Under this agreement, without something more, the appellant would have taken it subject to the conditions it contained. One of these conditions was, that the lease could not be assigned without the consent of the lessor, and manifestly, it cannot be assumed that the lease would have been more valuable to the appellant for sale purposes, had it owned the lease, than it was in its existing condition of ownership. At least, the situation is too problematical to admit the basing thereon a verdict for substantial damages.

In our opinion, the evidence does not justify the verdict, and the judgment of the trial court will stand affirmed.

ASKREN, MAIN, and HOLCOMB, JJ., concur.